O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ALVARADO DE SUAREZ,<br><br>               Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>               Defendant. | CASE NO. CV 10-07817 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff challenges the Social Security Commissioner's decision denying her disability claim on four grounds.

Plaintiff first argues that the Administrative Law Judge improperly evaluated her mental impairments. Here, Plaintiff's argument is that the Administrative Law Judge stopped short, and did not assess Plaintiff's mental capacity at Step Four and Five of the sequential evaluation. Plaintiff's argument mis-reads the applicable regulation. Under 20 C.F.R. § 404.1520a, an administrative law judge must assess the degree of functional limitation caused by a mental impairment. This, however, is for the purpose of determining whether the mental impairment qualifies as a severe impairment within the meaning of Step 2 of the sequential evaluation. 20 C.F.R. § 404.1520a(d). The discussion of mental functions identified in the regulation is not for other purposes. Thus if, after discussing Plaintiff's functional mental abilities, the ALJ determines that Plaintiff has a severe

impairment, the ALJ proceeds to Step 3 and, if the impairment does not meet or equal a listing, then the ALJ assesses the claimant's residual functional capacity. 20 C.F.R. § 404.1520a(d)(3).

The Administrative Law Judge did provide a residual functional capacity, and did proceed with the sequential evaluation, concluding at Step 4 that Plaintiff was not disabled. The discussion of the medical evidence included the medical evidence relating to the mental impairment. [AR 22] There, the Administrative Law Judge indicated that a psychologist's evaluation had produced the diagnosis (limited to a single episode), and that in the psychological examination, Plaintiff had denied any problems with basic daily activities from a psychological standpoint. Various limitations were discussed. Plaintiff has made no showing that the psychological evaluation in any way should have changed the residual functional capacity that the Administrative Law Judge did find, essentially a capacity to perform light work.

Plaintiff's second argument is that the Administrative Law Judge failed to analyze the impact of her obesity upon her orthopedic and mental impairments. While the ALJ did not directly discuss Plaintiff's obesity, she did discuss, concurrently, the fact that Plaintiff was obese, that she had joint, neck and back pain following her hernia surgery, and that she had a limitation on her range of motion. [AR 21] There is no indication in the record, and Plaintiff points to none here, to intimate that Plaintiff's obesity had any other effect. Accordingly, the Court finds no reversible error in the Administrative Law Judge's assessment of her obesity. *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2001).

Plaintiff's third argument is that the Administrative Law Judge erred in not describing more fully her residual capacity and her ability to perform her past relevant work. Certainly the Administrative Law Judge could have elaborated more, but the finding that Plaintiff could perform light work does inform that Plaintiff has a certain strength ability as well as the ability to perform with certain dexterity. The determination that Plaintiff can perform her past relevant work also is not erroneous, because the law provides that the finding may be made if a claimant can perform the work either as it was actually

performed or as it is generally performed in the economy. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Here, the Administrative Law Judge, based on testimony from the vocational expert, determined that Plaintiff could perform the work as it is actually performed. That was a sufficient determination.

Plaintiff's last argument is that the Administrative Law Judge wrongly assessed her testimony and that of her son. Plaintiff is correct that the formulaic statement in the decision that "the claimant's statements . . . are not credible to the extent they are inconsistent with the above residual functional capacity assessment" [AR 21] is circular. It is mere window-dressing that adds nothing to the determination of credibility, and cannot seriously be viewed as an actual finding. But, the Administrative Law Judge did note that Plaintiff received only conservative treatment, and that there was no medical suggestion of greater functional limitations. Both of these are valid bases for declining to believe Plaintiff fully. *Johnson v. Shalala*, 60 f.3d 1428, 1433 (9th Cir. 1995); *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

As to the Plaintiff's son, however, the Administrative Law Judge erred, finding that he was not credible essentially because he was Plaintiff's son. [AR 21] This is not a valid basis for impeaching a witness' credibility. *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009). In this Court, the Commissioner argues that it does not make any difference, because the functional limitations the son indicated were either consistent with the Administrative Law Judge's findings or completely unsupported by the medical evidence. But, the Administrative Law Judge did not say that those limitations were unsupported by medical evidence, and the Court must evaluate only what the Administrative Law Judge said, not what she might have said. *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). And the Commissioner is wrong. The Administrative Law Judge noted that the Plaintiff's son stated that Plaintiff had difficulty lifting, squatting, bending, standing, reaching, sitting, kneeling, stair climbing, seeing, completing tasks, and using her hands. [AR 21] None of these limitations is addressed by the residual functional capacity, which simply limits Plaintiff

1 to light work and unskilled tasks. [AR 20] Furthermore, one would expect that many of
2 these functions would be involved in the performance of housekeeping tasks, so the Court
3 cannot simply ignore them. *Stout v. Commissioner, Social Security Administration*, 454
4 F.3d 1050, 1056 (9th Cir. 2006). This error requires a return to the agency.

5        In accordance with the foregoing, the decision is reversed, and the matter is
6 remanded to the Commissioner for further proceedings consistent with this memorandum
7 opinion.

9     DATED: January 11, 2012

11                             RALPH ZAREFSKY
12                  UNITED STATES MAGISTRATE JUDGE